# New York Supplement

## VOLUME 68,

### AND

## New York State Reporter,

## VOLUME 102.

---

### MEEKS v. DAY.

(Supreme Court, Appellate Term. January 16, 1901.)

APPEAL—QUESTIONS OF FACT.
    A judgment on an issue of fact, which is sustained by the evidence, will not be disturbed on appeal.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Claudine M. Meeks against Horace L. Day. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GIEGERICH and O'GORMAN, JJ.

Foley & Powell (James C. Foley, of counsel), for appellant.

George C. Coffin, for respondent.

PER CURIAM. The case presented a question of fact, and the disposition thereof made by the learned trial justice should not be disturbed. An examination of the record does not support the contention of defendant's counsel that the evidence so strongly preponderated in favor of the defendant as to require a verdict in his behalf. The expert testimony of Dr. Plymton was not conclusive upon the court, and its weight was to be measured by the tests usually applied in the consideration of nonexpert evidence. The force of the other testimony furnished by the defendant was greatly weakened, if not entirely overcome, by the witness Higgins, the plumber, who was also called by the defendant. Indeed, the trial court might well conclude that the child who was brought from Philadelphia had the germs of diphtheria in his system when he came to defendant's apartment, and thus caused the subsequent illness therein. It would be mani-

festly unjust to visit the consequences of this misfortune upon the defendant's landlord, who was not responsible therefor. The one or two complaints not contested related to trivial matters, which were remedied a considerable time before defendant's abandonment of the apartment, and afforded no justification for the defendant's act in attempting to terminate his hiring; for the doctrine is well settled that a constructive eviction will not be established unless the wrongful conduct of the lessor works a substantial deprivation of the beneficial enjoyment of the demised premises. The judgment is amply sustained by the evidence in the case, and must be affirmed.

Judgment affirmed, with costs.